**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | |
|---|---|
| JUDGE SHARON INGRAM MARCHMAN | CIVIL ACTION NO. 16-0515 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| BRIAN E. CRAWFORD, ET AL. | MAGISTRATE JUDGE PEREZ-MONTES |

**MEMORANDUM RULING**

Before the Court are two separate Motions for Sanctions (Record Documents 60 and 82) filed by Defendants, Brian E. Crawford ("Crawford") and Allyson Campbell ("Campbell") (collectively "Defendants").[1] Crawford requests the Court to impose sanctions against Judge Sharon Marchman ("Marchman") and her counsel, Joseph Ward ("Ward") and Sedric Banks ("Banks") (collectively "counsel") for violating Federal Rule of Civil Procedure 11. Campbell only seeks to impose sanctions against Marchman's counsel for violating Rule 11. See Record Document 85. The Defendants are also seeking relief pursuant to 28 U.S.C. § 1927 against Marchman's counsel. For the reasons which follow, the Defendants' Motions for Sanctions are **GRANTED IN PART AND DENIED IN PART**.

---

[1] At the outset, it is noted that the Court is aware of the purpose behind Rule 11 and 28 U.S.C. § 1927 and the reasons why Defendants seeks relief pursuant to this rule and statute. However, in this case, a motion by Defendants, as prevailing parties, pursuant to 42 U.S.C. § 1988 may have been more appropriate. Nonetheless, the Court does not believe it can *sua sponte* award attorney's fees pursuant to 42 U.S.C. § 1988. See Hirschkop v. Snead, 475 F. Supp. 59, 61 (E.D. Va. 1979), aff'd, 646 F.2d 149 (4th Cir. 1981).

**FACTUAL AND PROCEDURAL BACKGROUND**

The factual and procedural background of this case is extensive. This Court as well as the Fifth Circuit have meticulously set forth the factual and procedural background. See Record Document 94; Marchman v. Crawford, 726 Fed. Appx. 978, 985–87 (5th Cir. 2018)(unpublished). Therefore, for purposes of this Memorandum Ruling, addressing both Crawford and Campbell's Motions for Sanctions, the Court adopts by reference the prior factual and procedural backgrounds of this Court and the Fifth Circuit.

This litigation, as well as several other related cases, involves allegations by Marchman and others that Campbell engaged in a number of unethical and/or illegal activities during Campbell's tenure as a law clerk for the Fourth Judicial District Court ("JDC"). See Record Document 1 at ¶¶ 7-18. Marchman's only issue with Crawford in this action arose out of statements made in pleadings filed during his representation of Campbell in Palowsky v. Campbell. See Record Document 1 at ¶¶ 16, 71-77, and 82. Specifically, Marchman and her counsel contend that Crawford (and Campbell) lied when they misrepresented to the Fourth JDC that Marchman improperly and illegally disclosed Campbell's private employment information. See id. As noted extensively in prior rulings, Marchman's issues with Campbell are more prevalent and are the subject matter of the litigation.

Marchman filed the instant federal civil rights lawsuit on April 19, 2016. See Record Document 1. She argues that Defendants' actions have caused her a loss of reputation, "turned her into a virtual pariah at the courthouse," caused her to lose her position as chair and member of the personnel committee, and generally have harmed her ability to perform her duties as a judge. Record Document 22 at ¶¶ 85-96. On May 13, 2016,

Marchman filed an Amended Complaint in which she clarified that she is suing all of the Defendant Judges, Pettiette, and Caldwell for damages in their individual capacities and is seeking only prospective injunctive relief, declaratory relief, and attorney's fees against the Defendant Judges and Pettiette in their official capacities.[2] See Record Document 22 at ¶ 6.

In the Amended Complaint, Marchman also added several new causes of action. See id. at ¶¶ 103-105 and 112-114. Thus, Marchman's causes of action are as follows: (1)-(3) 42 U.S.C. §§ 1983, 1985, 1986 causes of action against all Defendants for violation of the First Amendment right to freedom of speech; (4)-(6) 42 U.S.C. §§ 1983, 1985, and 1986 causes of action against all Defendants for violation of the Fourteenth Amendment right to equal protection; and (7)-(10) 28 U.S.C. §§ 2201-2202 causes of action against all Defendants for injunctive relief to prevent future violations of the First and Fourteenth Amendments and declaratory relief that Defendants' past actions violated the First and Fourteenth Amendments. See id. at ¶¶ 97-122. Finally, Marchman sought her attorney's fees pursuant to 42 U.S.C. § 1988. See id. at ¶¶ 123-124.

This Court dismissed all of Marchman's claims pursuant to Federal Rule of Civil Procedure 12(b)(6) on February 17, 2017. See Record Documents 94 and 95. Marchman appealed this Court's dismissal of her claim that Defendants retaliated against her for

---

[2] In the section of her Amended Complaint making these clarifications, Marchman does not mention Crawford in her individual capacity claims and does not mention Crawford in her official capacity claims. See Record Document 22 at ¶ 6. However, Marchman alleges that Crawford was acting under color of state law by defending Campbell in Palowsky v. Campbell, and she makes allegations about Crawford throughout the Amended Complaint. See Record Document 22 at ¶ 5, B. Thus, for the purposes of this Memorandum Ruling, the Court assumes that Marchman is also suing Crawford in his individual capacity for damages and is also suing Crawford in his official capacity for declaratory relief, injunctive relief, and attorney's fees.

exercising her First Amendment right to free speech. The Fifth Circuit affirmed this Court's decision. See Record Document 106. Accordingly, Crawford and Campbell's Motions for Sanctions are now ripe for review.

## LAW AND ANALYSIS

The Court will first analyze whether a violation of Rule 11(b)(1)-(3) occurred and if so, whether sanctions are warranted. Finally, the Court will analyze whether the Court can award relief pursuant to 28 U.S.C. § 1927 against Marchman's counsel for excessive costs.

**I.   Sanctions Pursuant to Federal Rule of Civil Procedure 11.[3]**

Federal Rule of Civil Procedure 11(c)(1) provides that sanctions may be imposed by the Court on "any attorney, law firm, or party that violated the rule or is responsible for the violation." Rule 11 provides in relevant part:

> **(b) Representations to Court**. By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney ... is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,—
>
> **(1)** it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument

---

[3] At the outset, the Court rejects any due process argument that may be advanced by Marchman and her counsel in the future. "The requirement of an opportunity to be heard . . . does not require an elaborate or formal hearing. Simply giving the individual accused of a Rule 11 violation a chance to respond through the submission of a brief is usually all that due process requires." Childs v. State Farm Mut. Auto. Ins. Co., 29 F.3d 1018, 1027 (5th Cir. 1994). Marchman has filed briefs in opposition to the Defendants' Motions for Sanctions. See Record Documents 74, 99, and 112. Therefore, Marchman's due process is satisfied.

> for the extension, modification, or reversal of existing law or the establishment of new law;
>
> **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery . . . .

Fed. R. Civ. P. 11(b)(1)-(3). "In determining whether an attorney has met his Rule 11 obligation, the court applies the "snapshot rule," which focuses on the attorney's conduct as of the moment the document was signed. Jordaan v. Hall, 275 F. Supp. 2d 778, 787 (N.D. Tex. 2003) (citing Thomas v. Capital Security Services, Inc., 836 F.2d 866, 874 (5th Cir.1988) (en banc) ("Like a snapshot, Rule 11 review focuses upon the instant when the picture is taken—when the signature is placed on the document.")). "Once the snapshot has been taken, the court measures Rule 11 compliance under an objective standard of reasonableness." Jordaan, 275 F. Supp. 2d at 787.

    **A.**    **Whether a violation of Rule 11(b)(1) occurred.**

Rule 11(b)(1) prohibits an attorney from filing a federal action for any improper purpose, i.e., harass, cause unnecessary delay or needlessly increase the cost of litigation. See Jordaan v. Hall, 275 F. Supp. 2d 778, 786 (N.D. Tex. 2003); see Fed. R. Civ. P. 11(b)(1). Consequently, where it is objectively ascertainable that an attorney has submitted a paper to the court for an improper purpose, sanctions may be imposed. Id. at 786 (citations omitted). Because attorneys' conduct are now analyzed by courts under an objective, not subjective, standard of reasonableness under the circumstances, good faith alone is not enough to protect attorneys from Rule 11 sanctions. See Childs v. State Farm Mut. Auto. Ins. Co., 29 F.3d 1018, 1024 (5th Cir. 1994).

Since 2014 in Palowsky v. Cork, Ward and Banks have been making allegations against Campbell and Defendant Judges. See Record Document 40, Exhibits 1, 2, and 4. After counsels' efforts to gain recusal of the entire Fourth Judicial District Court, they moved on to suing Campbell and Defendant Judges personally. See id., Exhibits 2, 4 and 5. In Palowsky v. Campbell, counsel, on Palowsky's behalf, accused the Defendant Judges and Campbell of conspiring to inflict intentional torts upon and violate Palowsky's constitutional rights, in addition to purportedly being complicit in Campbell's alleged document destruction and payroll fraud. See id., Exhibit 5. Furthermore, by her own admission, Marchman has had complaints about Campbell since 2010, and has actively (but unsuccessfully) sought her termination. See Record Document 1 at ¶¶ 18, 41, 49. Furthermore, Defendants cite to a letter to the Fourth Judicial District judiciary and the District Attorney from the State Inspector General, dated April 15, 2016, four days before the present lawsuit was filed, to show that the present action was filed for an improper purpose. The letter stated that "the available facts do not provide a sufficient cause for the arrest of Ms. Campbell for any criminal offense", i.e., document destruction and payroll fraud. Record Document 40, Exhibit 13. Because Campbell did not suffer criminal consequences due to her alleged actions, Defendants contend that Marchman and her counsel wanted Campbell and others to suffer civilly. However, Marchman argues she did not see the letter until May 15, 2016, after it was leaked to the newspaper. See Record Document 74 at p. 13. The record affirms Marchman's claim. Consequently, Defendants' argument concerning the time period when the letter was issued and when Marchman and her counsel filed the present action holds no merit.

Accordingly, without more evidence offered by Defendants, the Court cannot reasonably infer that this suit was filed in order to harass, cause unnecessary delay or needlessly increase the cost of litigation. Therefore, Defendants' claims pursuant to Rule 11(b)(1) are **DENIED**.

### B.   Whether a violation of Rule 11(b)(2) occurred.

Federal Rule of Civil Procedure 11(b)(2) prevents an attorney from filing a federal complaint that is not "warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law." Fed. R. Civ. P. 11(b)(2). Accordingly, "[w]here a reasonable amount of research would have revealed to the attorney that there was no legal foundation for the position taken, Rule 11 sanctions will be imposed." Id. (citation omitted). In determining whether a reasonable inquiry into the law has been made, the Fifth Circuit has listed a set of factors that include:  (1) "the time available to the attorney to prepare the document; (2) the plausibility of the legal view contained in the document; (3) the pro se status of a litigant; and (4) the complexity of the legal and factual issues raised." Thomas v. Capital Sec. Servs., Inc., 836 F.2d 866, 875–76 (5th Cir. 1988). The Court will now address each factor enumerated by the Fifth Circuit in order to determine whether a Rule 11(b)(2) violated occurred.

#### i.   The time available to Marchman's counsel to prepare the Complaint.

As the Court alluded to *supra*, Marchman and her counsel have been levying allegations against Campbell and the Defendant Judges since 2014. Although the legal claims differ, three different, but related state court lawsuits concern the dispute before the Court and each state court lawsuit involves Marchman and her counsel in varying

capacities.[4] Therefore, it is reasonable to infer that Marchman's counsel had a substantial amount of time to prepare Marchman's federal Complaint. Consequently, this factor weighs in favor of imposing sanctions under Rule 11(b)(2).

### ii. The plausibility of the legal view contained in the document.

Marchman filed suit under 42 U.S.C. §§ 1983, 1985, and 1986, alleging that Defendants retaliated against her for exercising her First Amendment right to freedom of speech when she tried to "stop the cover-up of Campbell's payroll fraud and document destruction." Record Document 22 at ¶ 97-122. Second, Marchman alleged that Defendants violated her Fourteenth Amendment right to equal protection in violation of the aforementioned statutes. See Record Document 22 at ¶¶ 106-122.

Section 1983 provides a private cause of action to a plaintiff whose rights under the United States Constitution or other federal laws have been violated by a person acting under color of state law. Section 1985 provides a cause of action against persons acting under color of state law who conspire to deprive a person of such rights. Section 1986 provides a cause of action against persons acting under color of state law who neglect to prevent a conspiracy to deprive a person of such rights.

To prove a First Amendment retaliation claim, Marchman's counsel must show: (1) Marchman suffered an adverse employment decision; (2) her speech involved a matter of public concern; (3) her interest in commenting on matters of public concern outweighs Defendants' interest in promoting efficiency, and (4) her speech motivated

---

[4] See Palowsky v. Cork matter, Docket No. 13-2059, Fourth JDC, Parish of Ouachita, Louisiana; Winters v. Hanna Media, Docket No. 15-0770, Fourth JDC, Parish of Ouachita, Louisiana; Palowsky v. Campbell, Docket No. 15-2179, Fourth JDC, Parish of Ouachita, Louisiana.

the adverse employment decision. See Harris v. Victoria Independent School District, 168 F.3d 216, 220 (5th Cir. 1999).

The Fifth Circuit affirmed this Court's finding that Marchman had failed to plead facts establishing that she was subjected to an adverse employment decision. In the Fifth Circuit opinion, the court stated:

> We find that Judge Marchman has not alleged any formal reprimand or sanction for exercising her First Amendment rights. First, she claims that she was "publicly accused [ ] of illegally disclosing documents" by filing pleadings in Palowsky v. Campbell, and accused by Judge Sharp of leaking information to Palowsky. But the filing of pleadings alone cannot support a retaliation claim. "[F]alse accusations, verbal reprimands, and investigations [are] not actionable adverse employment actions." Colson, 174 F.3d at 511 (citing Benningfield, 157 F.3d at 376). Second, she argues that Judge Sharp threatened to seek Judge Marchman's admonishment at an en banc meeting. Judge Marchman's admonishment by her colleagues could have constituted adverse employment action. See Scott, 910 F.2d at 212–13; Colson, 174 F.3d at 511. But Judge Sharp never introduced such a motion, the judges never considered a motion to admonish, and she was never formally reprimanded.
>
> Third, Judge Marchman alleges that, as a result of defendants' interference with her duties, refusal to serve on committees with her, and request to recuse herself from an investigation, she was forced to resign as member and chair of the personnel committee. Resignation could potentially support a First Amendment claim as a constructive demotion. See Sharp, 164 F.3d at 934. According to Judge Marchman, she resigned "after being pressured to recuse herself from a particular investigation, after having existing problems concealed from her, after having Defendant Judges refuse to discover or address potential problems, after being prohibited from doing her job without getting approval from Defendant Judge Jones first." But defendants did not remove Judge Marchman from this position, and they lacked the power to do so. And Judge Marchman was pressured to recuse herself by Chief Judge Winters, who is not a defendant in this action, and Judge Jones, who at the time was the Court Administrator, an employee and subordinate of the judges. The recusal request was not only not an adverse action, but also not an action by an employer. Judge Marchman similarly resigned her position as chair of the personnel committee before she sought to comply with the subpoena duces tecum. Thus, her compliance with the subpoena could not have motivated her recusal or resignation.

> Finally, Judge Marchman's remaining allegations include various interactions with other judges on the Fourth JDC. [footnote n. 5 omitted] Many of her allegations amount to ostracism or unprofessional behavior rather than formal reprimands. This conduct may be unprofessional or perhaps even amount to a violation of state law, but that alone does not suffice to assert a constitutional violation. In the Title VII context, this Court observed that "boorish remarks and childish horseplay," though "undoubtedly offensive," were "not sufficiently severe or pervasive to create an objectively hostile or abusive work environment" and could not constitute adverse employment actions. McCoy v. City of Shreveport, 492 F.3d 551, 557–58 (5th Cir. 2007). Similarly, we have found that in the Title VII context, ostracism is not grounds for a retaliation claim. See Brazoria Cty., Tex. v. EEOC, 391 F.3d 685, 693 (5th Cir. 2004). Judge Marchman appears to highlight a disagreement among the Fourth JDC regarding how to handle professional matters. And "retaliatory criticisms, investigations, and false accusations that do not lead to some more tangible adverse action are not actionable under § 1983." Colson, 174 F.3d at 513. Speaking out against perceived injustices at the risk of damaging working relationships no doubt requires substantial courage, but not every consequence suffered in connection with speech amounts to a constitutional violation.
>
> Judge Marchman fails to show that she suffered any adverse action, a necessary element of her First Amendment retaliation claim. Thus, her § 1983 claim was properly dismissed because she failed to allege a violation of the Constitution. Accordingly, her related claims were also properly dismissed. See 42 U.S.C. §§ 1985, 1986, 1988; see also Hilliard v. Ferguson, 30 F.3d 649, 652–53 (5th Cir. 1994) (Section 1985).

Marchman v. Crawford, 726 Fed. Appx. 978, 985–87 (5th Cir. 2018)(unpublished).

The only situation discussed by the Fifth Circuit that concerned Crawford and Campbell and a potential adverse employment action related Marchman being publicly accused of illegally disclosing documents. Nonetheless, the Fifth Circuit determined the filing of pleadings alone could not support a retaliation claim.

Furthermore, neither Crawford nor Campbell were in a position to take an adverse employment action against Marchman like the Defendant Judges. In fact, like Judge Jones, who as the Court Administrator was an employee and subordinate of the Defendant Judges, Campbell, as a law clerk, was likewise an employee and subordinate

Page **10** of **17**

of the Defendant Judges. See Marchman, 726 F. App'x at 986. Crawford was Campbell's privately retained attorney, who served as co-counsel with Pettiette in defending Campbell in Palowsky v. Campbell. Thus, Crawford was not in a position to take an adverse employment action against Marchman. Moreover, in general, a private attorney, like Crawford, does not act under the color of state law and cannot be held liable under 42 U.S.C. § 1983. See Weatherall v. Stump, Civil Action No. 5:07CV73, 2007 WL 2220918, at *1 (E.D. Tex. July 31, 2007); see also Polk Cty. v. Dodson, 454 U.S. 312, 324, 102 S. Ct. 445, 453 (1981). Based on the aforementioned analysis, the claim that Defendants retaliated against her for exercising her First Amendment right to freedom of speech when she tried to "stop the cover-up of Campbell's payroll fraud and document destruction" is frivolous. The law in this area is well established.

Because the Fifth Circuit affirmed this Court's ruling that Marchman failed to state a claim for which relief could be granted as to her First Amendment retaliation claim, the Court finds the claims pursuant to Section 1985 and 1986 to be frivolous as well. See Farrar v. Bracamondes, 332 F. Supp. 2d 1126, 1131 (N.D. Ill. 2004) (when plaintiff has not established a deprivation of a federal right, he cannot establish a conspiracy to deprive him of a federal right under § 1985); Miss. Women's Med. Clinic v. McMillan, 866 F.2d 788, 795 (5th Cir. 1989) (stating that the text of § 1986 itself dictates that there must be a valid § 1985 claim before there can be a valid § 1986 claim).

Accordingly, the Court finds the legal views advanced by Marchman and her counsel to be frivolous.[5]

---

[5] Defendants request that the Court consider Marchman's Fourteenth Amendment claim *de facto* meritless because Marchman did not appeal the Court's dismissal of the Fourteenth Amendment claim. See Record Document 110. However, simply because a

### iii. The pro se status of the litigant.

Marchman was represented by counsel, Banks and Ward. However, the circumstances surrounding this case are unique. Not only was Marchman represented by counsel, Marchman is an attorney and at the time of this lawsuit, an elected member of the Louisiana judiciary. Minimum competency in constitutional law is mandated to practice law in Louisiana, and thus both Marchman and her counsel are held to this standard. Therefore, this factor favors Defendants.

### iv. The complexity of the legal and factual issues raised.

The Court does not dispute that the legal and factual issues raised in this case are not only complex, but lengthy. At the outset, the Court notes that civil rights claims pursuant to 42 U.S.C. §§ 1983, 1985, and 1986 have inherent complexities. These complexities were only heightened when Marchman asserted constitutional violations pursuant to the First and Fourteenth Amendments against her colleagues and other associated parties. Nonetheless, reasonable legal inquiries would have prevented this lawsuit, specifically, against Crawford and Campbell.

Based on the Court's analysis of the aforementioned factors, the Court finds that the claims against Defendants to be frivolous. Marchman and her counsel made no allegations nor furnished any evidence that Crawford or Campbell violated her constitutional rights and that outcome was reasonably foreseeable by Marchman's counsel, if it was not clear to Marchman. Accordingly, Defendants' claims pursuant to Rule 11(b)(2) are **GRANTED**.

---

party declines to appeal a claim does not render that party's claim frivolous. Nonetheless, because the Court found Marchman's First Amendment claim to be frivolous, there is no need to address her Fourteenth Amendment claim.

### C.     Whether a violation of Rule 11(b)(3) occurred.

Rule 11(b)(3) provides that by presenting a pleading, written motion, or other paper to the court, an attorney certifies that to the best of his "knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b)(3). The Fifth Circuit has listed six factors to consider when determining whether an attorney has made a reasonable inquiry into the facts sufficient to satisfy Rule 11 such as: "(1) the time available to counsel for investigation; (2) the extent to which counsel relied upon his client for factual support for the document; (3) the feasibility of conducting a pre-filing investigation; (4) whether counsel accepted the case from another member of the bar or forwarding attorney; (5) the complexity of the factual and legal issues; and (6) the extent to which development of the factual circumstances underlying the claim require discovery." Childs v. State Farm Mut. Auto. Ins. Co., 29 F.3d 1018, 1026 (5th Cir. 1994).

In the present action, Marchman's factual allegations in her petition are so detailed that the Court concludes there would have been evidentiary support offered later in the litigation. Although the factual allegations do not bring Marchman's claims within the ambit of a First Amendment retaliation claim, the Court is not persuaded that Marchman's factual allegations lacked evidentiary support. Accordingly, Defendants' claims pursuant to Rule 11(b)(3) are **DENIED**.

### D.     Sanctions.

Once courts have established that a Rule 11 violation has occurred, courts must determine the appropriate sanction to impose upon the attorneys, law firms, or parties

responsible for the violation. See Jordaan v. Hall, 275 F. Supp. 2d 778, 790 (N.D. Tex. 2003); see also Fed. R. Civ. P. 11(c)(1). In the present case, Marchman and her counsel have violated Rule 11(b)(2). Therefore, the Court must determine the appropriate sanction.

The purpose of "Rule 11 is to deter baseless filings in district court and . . . streamline the administration and procure of the federal courts." Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 393, 110 S. Ct. 2447, 2454 (1990). Thus, sanctions should be both educational and rehabilitative in character and, as such, tailored to the particular wrong. Jordaan, 275 F. Supp. 2d at 790. However, the Fifth Circuit has long held that district courts are vested with considerable discretion in handing down the appropriate sanction upon the violating party. See Thomas v. Capital Sec. Servs., Inc., 836 F.2d 866, 872 (5th Cir. 1988) ("[W]e believe application of an abuse of discretion standard across-the-board to all issues in Rule 11 cases is the better approach."). Furthermore, ever-increasing federal caseloads within the Western District of Louisiana and throughout the United States coupled with the "growing public dissatisfaction with the costs and delays of litigation have made it imperative that the federal courts impose sanctions on persons and firms that abuse their right of access to these courts." Dreis & Krump Mfg. Co. v. Intl. Ass'n of Machinists and Aerospace Workers, Dist. No. 8, 802 F.2d 247, 255 (7th Cir. 1986).

Because the claims advanced by Marchman and her counsel against Crawford and Campbell were frivolous as detailed *supra*, the Court **ORDERS** Marchman's counsel, Sedric Banks and Joseph Ward (both from different law firms), joint and severally liable for Defendants' costs rather than attorney's fees. The Court finds this to be a reasonable

sanction in order to deter future conduct exhibited by Marchman's counsel in the present action. Therefore, pursuant to Local Rule 54.3, Defendants are ordered serve on Banks and Ward and file with the clerk a motion to tax costs on the forms prescribed by the Court, together with a certification that the items are correct and that the costs have been necessarily incurred.

As to Marchman, as a represented party, the Court cannot impose a monetary sanction for violation of Rule 11(b)(2). See Fed. R. Civ. P. 11(c)(5)(A). However, the Court can and does admonish Marchman for her role in the litigation. As an attorney and member of this State's judiciary, Marchman should at least be minimally competent in this area of the law. As the Fifth Circuit noted, "speaking out against perceived injustices at the risk of damaging working relationships no doubt requires substantial courage, but not every consequence suffered in connection with speech amount to a constitutional violation." Marchman v. Crawford, 726 F. App'x 978, 986 (5th Cir. 2018).

### III. Marchman's Counsels' Liability for Excessive Costs Pursuant to 28 U.S.C. § 1927.

Defendants request the Court to require Marchman's counsel to personally satisfy the excess costs, expenses, and attorneys' fees reasonably incurred due to Ward and Banks' alleged unreasonable and vexatious conduct. 28 U.S.C. § 1927 provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927.

Section 1927 does "not distinguish between winners and losers or between plaintiffs and defendants. The statute is designed to curb litigation abuses by counsel,

irrespective of the merits of the client's claims or defenses." Manton v. Strain, 2011 WL 1000964, *6 (E.D. La. 2011) (citing Roadway Express, Inc. v. Piper, 447 U.S. 752, 762 (1980)). "An award of attorney's fees under 28 U.S.C. § 1927 is considered 'punitive in nature' and should only be awarded if a party 'multiplies the proceedings . . . unreasonably and vexatiously.'" Manton, 2011 WL 1000964 at *6 (quoting Bryant v. Military Dept. of Miss., 597 F.3d 678, 694 (5th Cir. 2010); see also Travelers Ins. Co. v. St. Jude Hosp. of Kenner, La., Inc., 38 F.3d 1414, 1416 (5th Cir. 1994) (noting that Section 1927 must be strictly construed so as "not to dampen the legitimate zeal of an attorney in representing his client"). This standard, which "focuses on the conduct of the litigation and not on the merits, requires clear and convincing evidence that every facet of the litigation was patently meritless and evidence of bad faith, improper motive, or reckless disregard of the duty owed to the court." Manton, 2011 WL 1000964 at *6 (internal quotations omitted). "Punishment under this section, however, is 'sparingly applied, and except when the entire course of proceedings were unwarranted and should neither have been commenced nor persisted in . . . .'" Butler v. Rapides Foundation, 365 F. Supp. 2d 787, 796 (W.D. La. 2005) (quoting Meadowbriar Home for Children, Inc. v. Gunn, 81 F.3d 521, 535 (5th Cir. 1996). "Accordingly, the emphasis in Section 1927 is that personal liability of counsel is only for the excess costs, expenses, and fees where counsel both "unreasonably and vexatiously" multiplies the litigation." Butler, 365 F. Supp. 2d at 797.

In the present action, Defendants' briefs do not contain clear and convincing evidence that would persuade the Court that every facet of the litigation was patently meritless and evidence of bad faith, improper motive, or reckless disregard of the duty

owed to the court. See Manton, 2011 WL 1000964 at *6. Accordingly, Defendants' claims pursuant to 28 U.S.C. § 1927 are **DENIED**.

### III. CONCLUSION

The Court finds that given the established case law, Marchman's claims pursuant to 42 U.S.C. §§ 1983, 1985, and 1986 were frivolous. Marchman did not allege sufficient facts to establish a First Amendment retaliation claim against Defendants. Accordingly, Defendants' Motions for Sanctions are **GRANTED IN PART AND DENIED IN PART**.

Defendants' Motions for Sanctions pursuant to Federal Rule of Civil Procedure 11(b)(2) are **GRANTED**. Defendants' Motions for Sanctions pursuant to Federal Rule of Civil Procedure 11(b)(1), 11(b)(3), and 28 U.S.C. § 1927 are **DENIED**. The Court will award Defendants' costs. This ruling does not award Defendants attorney's fees.

Pursuant to Local Rule 54.3, Defendants are ordered serve on Banks and Ward, and file with the clerk a motion to tax costs on the forms prescribed by the Court, together with a certification that the items are correct and that the costs have been necessarily incurred.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, on this the 20th day of July, 2018.

_____
S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT